GREEN *v.* WOODS.

IVEY *v.* SAME.

McINTYRE *v.* SAME.

1. APPEAL AND ERROR—BELATED APPEAL—LEAVE OF COURT.

Where defendants gave their counsel the funds with which to obtain appeal bonds on Saturday, the counsel prepared the necessary papers on following Monday, the last day on which an appeal might be taken as a matter of right, but sent them to the appellee by mail instead of being personally served, the failure to perfect the appeal within the time limited was chargeable to the counsel rather than the defendants themselves, hence the trial court was not in error in granting leave to take a belated appeal.

2. EVIDENCE—BOOKS OF ACCOUNT—ORDINARY COURSE OF BUSINESS.

Landlord's books of account which showed rentals collected from plaintiffs and entries in which were made from slips furnished by caretaker to whom plaintiffs had made their payments, were competent evidence of such payment where it appears the records were kept in the ordinary course of business and notwithstanding the slips were not preserved.

3. LANDLORD AND TENANT—RENT CEILINGS—OVERPAYMENTS—EVIDENCE.

In tenants' nonjury actions to recover alleged payments of rent in excess of office of price administration ceiling prices, the finding of the trial judge that the plaintiffs had not sustained their burden of proof *held*, clearly substantiated by the record.

4. APPEAL AND ERROR—NONJURY CASE—QUESTIONS OF FACT—EVIDENCE.

The Supreme Court does not reverse the judgment entered in an action tried without a jury where based upon issues of fact unless the evidence clearly preponderates in the opposite direction.

REFERENCES FOR POINTS IN HEADNOTES

[2] 20 Am Jur, Evidence, § 1071.
[4] 3 Am Jur, Appeal and Error, § 896.

5. TRIAL—NONJURY CASE—BURDEN OF PROOF—EVIDENCE—IMPEACH-
   MENT OF WITNESSES.

   In determining whether or not plaintiffs have sustained their bur-
     den of proof in a nonjury action the trial court may take into
     consideration the fact that the testimony of plaintiffs and their
     principal witness was materially impeached.

Appeals from Wayne; Ferguson (Frank B.), J.
Submitted June 14, 1949. (Docket Nos. 43–45,
Calendar Nos. 44,448–44,450.) Decided October 10,
1949.

Separate actions by Ossie Green, Jr., Walter Ivey
and Willie McIntyre against Otto Woods and wife
for treble damages for rent overcharges. Cases con-
solidated. Judgments for defendants. Plaintiffs
appeal. Affirmed.

*Arthur B. Davidson,* for plaintiffs.

*Morry Fenton* and *Charfoos, Gussin & Weinstein*
(*William J. Weinstein,* of counsel), for defendants.

CARR, J. During the period from September or
October, 1946, to the early part of 1948, the plain-
tiffs in these cases were tenants in an apartment
building owned and operated by the defendants.
Following the service of notices on them to vacate
their respective apartments, they started suits in
the common pleas court of the city of Detroit to re-
cover treble damages because of alleged violations
of the ceiling rents fixed by order of the Federal of-
fice of price administration. The pleadings filed
are not contained in the record, but it may be as-
sumed that the actions brought by plaintiffs were
based on section 925(e) of the emergency price con-
trol act of 1942, as amended.* Plaintiffs recovered

---

* 56 Stat 23, as amended July 25, 1946 (60 Stat 676, 677) and
July 30, 1947 (61 Stat 619) [50 USCA, § 925, 1949 Supp]).

judgments, from which defendants undertook to appeal to the circuit court.

Motions to dismiss the appeals were made on behalf of plaintiffs on the ground that the provisions of the statute (CL 1948, § 678.2a [Stat Ann 1947 Cum Supp § 27.3482(1)]) as to the time within which such appeal should be taken as of right had not been followed. The record clearly indicates that such motions were well founded, and defendants, without waiting for a determination thereof, filed petitions for leave to take belated appeals. Orders were entered granting such petitions, and the cases were consolidated for trial in the circuit court. Following the taking of proofs before the court without a jury a judgment was entered in favor of the defendants, denying the right of the plaintiffs, or any of them, to recover. From the judgment so entered the plaintiffs have appealed, and by stipulation of counsel such appeals have been consolidated for presentation here.

On behalf of appellants it is claimed that the trial court was in error in granting the motions for leave to take belated appeals. The facts concerning this phase of the controversy are not in dispute. The last day for taking the appeals as of right was the 11th of October, 1948. On Saturday, October 9th, defendants paid to their counsel money for the purpose of obtaining the necessary appeal bonds, which bonds were obtained on Monday following. The appeal papers, following their preparation, were sent by mail instead of being personally served. They were actually received after the 5-day period for taking the appeals had expired.

Plaintiffs contend that defendants were at fault in not providing the necessary funds for the bonds until October 9th, insisting that this gave counsel, in practical effect, only one day in which to take action.

It is argued in consequence that the failure to perfect the appeals within the time limited was chargeable to the defendants rather than to their counsel. The contention is without merit. Counsel for defendants should have had in mind that the last day for taking the appeal was on October 11th, and they should have made personal service rather than service by mail. The failure to act seasonably was in consequence chargeable to counsel rather than to the defendants. The trial court was not in error in granting leave to take belated appeals. *Meyers v. Wilson,* 319 Mich 80, and prior decisions therein cited.

On the trial of the case defendants offered in evidence certain books of account, entries in which were made by Mr. Woods from slips furnished to him by the caretakers of the building, to whom plaintiffs made their payments. The slips were not preserved; and plaintiffs claim that the admission of the books over their objection was prejudicial error. It appears, however, that the records were kept in the ordinary course of business, and the fact that entries were made in the manner indicated would not render them incompetent. *Meyer v. Brown,* 130 Mich 449; *J. H. Worden Lumber & Shingle Co. v. Minneapolis, St. Paul & Sault Ste. Marie Railway Co.,* 168 Mich 74; *Remer v. Goul,* 185 Mich 371. Under the testimony of defendant Otto Woods, each record was complete as to the rentals collected from the plaintiffs for the period covered. They were returned to this Court with other exhibits, have been examined, and found not to be open to objections relating to form, alterations, and erasures, as claimed on behalf of plaintiffs.

On the trial of the case the plaintiffs testified in their behalf, claiming that they had paid rent during the time that they were tenants of the defendants in approximately twice the proper amounts charge-

able under the ceilings as fixed by the office of price administration. No receipts or other records were offered by them. Apparently they did not ask or receive receipts when making payments to defendants' caretakers, Mr. and Mrs. Clark Henry. Mr. Henry was also a witness in plaintiffs' behalf, and testified from memory in corroboration of their claims. He stated that approximately one-half of the rental payments in question were made to him and the balance to Mrs. Henry. The latter was not a witness in the case.

It further appears that in January, 1948, or about that time, Mr. Henry had some difficulty with defendants, the latter claiming that he had withheld from them moneys that he had collected. It was his claim on the stand that such money, approximately $200 in amount, had been stolen from his apartment and that subsequently he made payment of the amount in dispute to defendants. He and his wife were discharged from their employment as caretakers, and shortly thereafter plaintiffs contacted the OPA, making complaints that they had been overcharged. In indicating his conclusions the trial court pointed out that plaintiff McIntyre signed a complaint to the OPA stating that she had paid a bonus in the sum of $200 to obtain the apartment, that the declaration filed in her behalf in the court of common pleas stated such amount at the sum of $50, and that on the trial in circuit court she testified the bonus was $2. Plaintiff Ivey contended on the trial that he also had paid a bonus of $100 to defendant Flossie Woods. The trial judge found from the evidence before him that Ivey's complaint to the OPA did not contain any such claim.

Testimony was offered by defendants indicating that the rentals actually collected did not exceed the OPA ceiling prices. They further claimed that the plaintiffs became in arrears in their payments and

that the amounts in default were made up from time to time subsequently by payments in excess of weekly rentals. Their books of account tended to corroborate defendants' claims in this regard. Plaintiffs rely largely on the fact that they did at times, during the latter part of their respective tenancies, make payments exceeding the weekly charge. It is rather significant, however, that the payments so shown were principally made after they had consulted the OPA following the discharge of Mr. and Mrs. Henry as caretakers, and after they had been advised to make payments by money orders. On behalf of defendants testimony was also offered to the effect that, following his discharge as caretaker, witness Henry stated that he would "get even" with defendants.

After listening to the testimony of all the witnesses the trial court came to the conclusion, as indicated by his opinion, that the testimony of plaintiffs and their witnesses could not be accepted as establishing the facts with the requisite degree of certainty. The issue presented was determined on the basis of the proofs of the respective parties. The trial judge had the advantage of seeing the witnesses and of hearing them testify. In law actions tried before the judge without a jury this Court, as a matter of well-established practice, does not reverse the judgment entered unless the evidence clearly preponderates in the opposite direction. On the record before us it cannot be said that such is the situation here. The testimony of plaintiffs and of their principal witness was materially impeached. The trial judge as the trier of the facts was entitled to take such fact into consideration. His conclusion that the plaintiffs had not borne the burden of proof resting on them is clearly substantiated by the record before us.

The judgment in defendants' favor, as entered in the circuit court, is affirmed, with costs to them.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.