SMOLEN v DAHLMANN APARTMENTS, LTD

Docket No. 115439. Submitted August 7, 1990, at Lansing. Decided November 19, 1990, at 9:03 A.M.

Mike Smolen and Peter Mikelonis brought an action in the Washtenaw Circuit Court against Dahlmann Apartments, Ltd., and Green Terrace Associates, alleging violation of the Consumer Protection Act. Following a determination in their favor, the plaintiffs moved for an award of attorney fees. The court, Henry D. Arkison, J., awarded the plaintiffs $2,000 in attorney fees. The plaintiffs appealed, alleging error in the amount of the award, the method of calculation and factors to be considered, the amount of interest on the award, and the availability of discovery of the defendants' attorneys' time records.

The Court of Appeals *held:*

1. The trial court erred in refusing to consider the plaintiffs' counsel's computer records as evidence of the amount of time spent on the case. The entries were made in the ordinary course of business, and the computer printout was the first permanent record of the time data.

2. The basis for the trial court's award of attorney fees was inadequate. The court erred in failing to consider the professional standing and experience of the attorney; the skill, time, and labor involved; the amount in question and the results achieved; the difficulty of the case; the expenses incurred; and the nature and length of the professional relationship with the client. On remand, the court also is to consider services rendered on appeal in determining attorney fees.

3. The trial court did not abuse its discretion in refusing to permit discovery of the defendants' attorneys' time records and hourly rates. The reasonableness of charges of one attorney is not measured by amounts other attorneys would charge.

4. Prejudgment interest on the attorney fees awarded under the Consumer Protection Act was properly denied.

Reversed and remanded.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 277-280, 282, 284, 293; Evidence §§ 929, 937.

Admissibilitry of computerized private business records. 7 ALR4th 8.

1. EVIDENCE — ATTORNEY FEES — COMPUTER PRINTOUTS.

An attorney's computer printout of billable hours may be considered as evidence of the time spent on the case where the entries into the computer were made in the ordinary course of the attorney's business and are the first permanent record of the time data.

2. ATTORNEY AND CLIENT — FEES — REASONABLENESS.

Facts to be taken into consideration in determining the reasonableness of attorney fees include, but are not limited to, the professional standing and experience of the attorney; the skill, time, and labor involved; the amount in question and the results achieved; the difficulty of the case; the expenses incurred; and the nature and length of the professional relationship with the client.

3. CONSUMER PROTECTION — ATTORNEY FEES — CONSUMER PROTECTION ACT — APPEAL.

The Consumer Protection Act allows a person who suffers a loss as a result of a violation of the act to bring an action to recover reasonable attorney fees, including fees for services rendered on appeal (MCL 445.911[2]; MSA 19.418[11][2]).

4. ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLE FEES.

The reasonableness of charges for legal services performed by an attorney is not measured by amounts other attorneys would charge.

5. CONSUMER PROTECTION — ATTORNEY FEES — PREJUDGMENT INTEREST.

Prejudgment interest may not be assessed on attorney fees awarded under the Consumer Protection Act (MCL 445.911[2], 600.6013; MSA 19.418[11][2], 27A.6013).

*Gary M. Victor,* for the plaintiffs.

*Davis & Fajen, P.C.* (by *Peter A. Davis*), for the defendants.

Before: CAVANAGH, P.J., and GRIFFIN and JANSEN, JJ.

JANSEN, J. Plaintiffs appeal as of right the January 11, 1989, opinion and order awarding plaintiffs $2,000 in attorney fees under the Michigan Con-

sumer Protection Act (MCPA), MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.* On appeal, plaintiffs allege that the trial court erred in the amount of the award, the method of calculation and factors to be considered, the imposition of interest on the award, and the availability of discovery of defendants' attorneys' time records. We hold that the trial court erred in failing to consider plaintiffs' attorney's computer printouts of his time records and in failing to apply the factors contained in *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973). Thus, we reverse and remand for an evidentiary hearing.

First, plaintiffs allege that the trial court erred in refusing to consider plaintiffs' counsel's computer records indicating the amount of time spent on the case. We agree. The trial court ruled that the computer entries did not consist of original contemporaneous time records. However, our review of the record indicates that most of the information contained on the computer printout was placed directly into the computer sometime following the work performed for plaintiff. While it is true that some of the information in the computer was transferred to the computer from temporary notes indicating the amount of time spent on individual projects, we hold that this does not destroy the admissibility of the computer entries. In an analogous situation, our Supreme Court in *Green v Woods,* 325 Mich 649; 39 NW2d 317 (1949), held that a book of accounts, whose entries were made from slips of paper furnished by others, was admissible even though the original slips were not preserved. The *Green* Court noted that since the records were kept in the ordinary course of business, they were admissible. See also 30 Am Jur 2d, Evidence, § 942, p 65. In the present case, the entries into the computer were made

in the ordinary course of plaintiffs' counsel's business. Further, plaintiffs' attorney's failure to retain the various time record slips does not make the computer printout a mere compilation since the computer printout is the first permanent record of the time data. Thus, we hold that the trial court erred in refusing to consider the computer printout list as evidence of the amount of time plaintiffs' attorney spent on the present case.

In so holding, we do not express an opinion on the validity of the charges contained on the computer sheet. We only find that the trial court erred in failing to consider them. The trial court retains the discretion to assess reasonable attorney fees, not actual attorney fees. *Ecclestone v Ogne,* 177 Mich App 74, 77; 441 NW2d 7 (1989).

Plaintiffs also allege that the trial court applied the wrong standard in assessing reasonable attorney fees. While the trial court based its award on a typical, hypothetical case, plaintiffs argue that the court must base its decision on the application of the factors contained in *Crawley, supra.* We agree. The MCPA allows a person who suffers a loss as a result of a violation of the act to bring an action to recover reasonable attorney fees. MCL 445.911(2); MSA 19.418(11)(2), *Mikos v Chrysler Corp,* 158 Mich App 781, 783; 404 NW2d 783 (1987). The *Crawley* Court set forth the following factors to be considered in determining what constitutes reasonable attorney fees:

> There is no precise formula for computing the reasonableness of an attorney's fee. However, among the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the diffi-

culty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275 and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics. [*Crawley, supra* at 737.]

While the trial court should consider the guidelines of *Crawley,* it is not limited to those factors in making its decision. *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982). The trial court may choose to adjust an attorney's fees in light of the results of the legal proceedings. *Id.* at 588-589. The award will be upheld unless it appears upon appellate review that the trial court's findings on the "reasonableness" issue was an abuse of discretion.

We hold that the trial court erred in failing to apply the *Crawley* factors in determining attorney fees. The trial court's award of $2,000 in attorney fees based on a typical action to recover wrongfully withheld security deposits brought under the MCPA was inadequate. In so holding, we do not express an opinion on the appropriateness of plaintiffs' request for over $50,000 in attorney fees.

Plaintiffs argue on appeal that in remanding this case to the trial court we should set forth specific additional items which should be considered in determining attorney fees. We decline to do so. We decline to follow plaintiffs' suggestion that the trial court must use a determination of a reasonable fee, computed as the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, as a starting point in determining reasonable attorney fees. In essence, plaintiffs suggest that plaintiffs' attorney is entitled to be compensated at the market rate of $100 per hour of trial work and $125 per hour of

appellate work multiplied by the time expended. We reject the application of any rigid formula, whether based on a contingent fee arrangement or an hourly formula, that fails to take into account the totality of the special circumstances applicable to the case at hand. *Hartman v Associated Truck Lines,* 178 Mich App 426, 431; 444 NW2d 159 (1989). Further, we decline to hold that the product of multiplying reasonable hours by a reasonable hourly rate is presumed to provide a reasonable fee. However, this does not preclude the trial court from considering a reasonable hourly rate. To this extent, we draw the trial court's attention to the 1988 Economics of Law Practice Survey, 67 Mich B J, No 11B (1988). Likewise, we decline to hold that plaintiffs are entitled to an upward adjustment based on the contingency of payment and delay in payment and to reflect exceptional success. The *Crawley* factors allow for consideration of the results achieved in the lawsuit. Although we hold that these are factors which can be considered in computing a reasonable attorney fee, we decline to hold that plaintiffs are entitled to adjustments on the basis of these factors. We leave this determination to the trial court and its discretion.

Plaintiffs also argue that their attorney is entitled to a fee for services rendered on appeal. We agree. We hold that the underlying purpose behind the MCPA's award of attorney fees is to afford an indigent client the opportunity to seek protection and obtain a judgment where otherwise precluded because of monetary constraints. In interpreting a statute, we give effect to the legislative intent and to the plain and unambiguous meaning of the statute. *Joy Management Co v Detroit,* 176 Mich App 722, 730-731; 440 NW2d 654 (1989), lv den 433 Mich 860 (1989). Subsection 11(2) does not place

any restriction on the recovery of attorney fees and does not limit attorney fees to those rendered at the trial court level. In the underlying lawsuit on the MCPA claim, the trial court originally granted defendants' motion for summary disposition, which was later reversed by this Court and remanded for further proceedings. 127 Mich App 108; 338 NW2d 892 (1983). We hold that the MCPA's award of reasonable attorney fees applies to appellate proceedings. We recognize that another panel of this Court in *Temborius v Slatkin,* 157 Mich App 587, 604-605; 403 NW2d 821 (1986), held that there is no explicit authority requiring an award of actual attorney fees for services on appeal in an MCPA action. To the extent that our holding conflicts with the holding in *Temborius,* we choose not to follow the *Temborius* panel. See cases cited in 35 ALR4th, §§ 12-13, pp 51-56. Thus, on remand, the trial court is to consider services rendered on appeal.

Plaintiffs also allege that the trial court erred in not allowing plaintiffs to discover information concerning defendants' attorneys' time spent on the litigation. We disagree. The trial court's decision to grant or deny a discovery motion will be reversed on appeal only if there has been an abuse of discretion. *Eyde v Eyde,* 172 Mich App 49, 54; 431 NW2d 459 (1988), lv den 432 Mich 857 (1989). Since the reasonableness of charges for legal services performed by one attorney is not measured by what other attorneys would charge, *Fletcher v Fractional No 5 School Dist Bd of Ed,* 323 Mich 343, 349; 35 NW2d 177 (1948), we hold that the trial court did not abuse its discretion in refusing to permit the discovery of defendants' attorneys' time records and hourly rates.

Finally, plaintiffs argue that the interest on the

attorney fee portion of an award under the MCPA should accrue from the date of the filing of the complaint or at least from the date of the original order granting attorney fees. We disagree. This Court in *Harvey v Gerber,* 153 Mich App 528; 396 NW2d 470 (1986), lv den 428 Mich 881 (1987), held that prejudgment interest pursuant to MCL 600.6013; MSA 27A.6013 could not be assessed on attorney fees awarded under the MCPA. We agree.

Reversed as to the amount of attorney fees awarded and remanded for an evidentiary hearing and findings of fact regarding reasonable attorney fees. We do not retain jurisdiction.