JORDAN v TRANSNATIONAL MOTORS, INC

Docket No. 165994. Submitted May 3, 1995, at Detroit. Decided July 11, 1995, at 9:00 A.M.

Marlowe Jordan brought an action in the Wayne Circuit Court against Transnational Motors, Inc., and Seaway Motors, Inc., alleging, in part, violations of the Magnuson-Moss Warranty Act, 15 USC 2301 *et seq.*, and the Michigan Consumer Protection Act, MCL 495.901 *et seq.*; MSA 19.418(1) *et seq.*, involving an automobile the plaintiff purchased from Seaway Motors and for which Transnational Motors was the representative designated by the manufacturer for warranty assistance. Mediation resulted in a $7,500 evaluation in favor of the plaintiff. The case was remanded for trial in the 19th District Court following the plaintiff's rejection, and the defendants' acceptance, of the evaluation. A jury returned a $7,600 verdict in favor of the plaintiff. The plaintiff requested $21,790.75 in attorney fees and $2,440.81 in costs, but the court awarded $3,000 in attorney fees and $1,000 in costs. The Wayne Circuit Court, J. Phillip Jourdan, J., affirmed the award of attorney fees and costs. The plaintiff appealed.

The Court of Appeals *held*:

1. In awarding attorney fees to a party that prevails on a consumer protection claim under the Magnuson-Moss Warranty Act and the Michigan Consumer Protection Act, a court must consider the remedial nature of those acts in addition to the usual factors listed in MRPC 1.5(a). In this case, the district court narrowly focused on the low dollar value of the claim and failed to consider the remedial nature of the acts, which employ attorney fee awards as a means by which consumers can protect their rights and obtain a judgment when otherwise they would be prohibited by monetary constraints from retaining attorneys. The case must be remanded to the district court for a further hearing regarding attorney fees.

2. Attorney fees incurred on appeal may be awarded under the Michigan Consumer Protection Act.

Reversed and remanded.

REFERENCES

Am Jur 2d, Consumer Product Warranty Acts § 65, 67.

See ALR Index under Automobiles and Highway Traffic; Consumer Protection; Lemon Laws; Magnuson-Moss Federal Warranty Act.

1. CONSUMER PROTECTION — ATTORNEY FEES — MAGNUSON-MOSS
   WARRANTY ACT — MICHIGAN CONSUMER PROTECTION ACT.

   A court, in awarding attorney fees to a party that prevails on a
   claim under the Magnuson-Moss Warranty Act and the Michi-
   gan Consumer Protection Act, must consider, in addition to the
   factors enumerated in MRPC 1.5(a), the remedial nature of the
   acts, which employ attorney fees awards as a means by which
   consumers who otherwise would not be able to afford attorneys
   can protect their rights and obtain judgments (15 USC 2301 *et
   seq.*; MCL 445.901 *et seq.*; MSA 19.418 *et seq.*).

2. CONSUMER PROTECTION — MICHIGAN CONSUMER PROTECTION ACT —
   ATTORNEY FEES.

   Attorney fees incurred on appeal may be awarded under the
   Michigan Consumer Protection Act to a party that prevails on
   a claim under the act (MCL 445.901 *et seq.*; MSA 19.418 *et
   seq.*).

*Liblang & Lehto, P.C.* (by *Dani K. Liblang*) (*Judith A. Curtis,* of Counsel), for Marlowe Jordan.

*Miller, Johnson, Snell & Cummiskey* (by *James R. Peterson*), for Transnational Motors, Inc.

*Patricia A. Streeter,* for Seaway Motors, Inc.

Before: NEFF, P.J., and GRIBBS and R. D. GOT-HAM,* JJ.

NEFF, P.J. Plaintiff appeals by leave granted from an order of the circuit court affirming the district court's award of $3,000 in attorney fees and $1,000 in costs to plaintiff in this consumer protection cause of action. We reverse and remand to the district court for an evidentiary hearing.

I

Plaintiff purchased a new 1986 Mazda RX 7 Turbo from defendant Seaway Motors, Inc., for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

$25,475.10. Express written warranties accompanied the automobile when it was delivered to plaintiff. Defendant Transnational Motors, Inc., was designated as Mazda's representative for purposes of warranty assistance.

While still under warranty, plaintiff experienced substantial difficulties with the car. Eventually, plaintiff instituted this cause of action in the circuit court by filing a six-count complaint alleging breach of express and implied warranties, revocation of acceptance, breach of the obligation of good faith, liability under the Magnuson-Moss Warranty Act, 15 USC 2301 *et seq.,* misrepresentation, and violation of Michigan's Consumer Protection Act (MCPA), MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.*

On submission of this case to mediation, an evaluation in favor of plaintiff was rendered in the amount of $7,500, divided evenly between the two defendants. Defendants accepted the evaluation, but plaintiff rejected it. After this evaluation, this case was remanded to the district court.

Following the trial on this matter, the jury returned a verdict of $7,600 in favor of plaintiff. Plaintiff then petitioned the district court for an award of attorney fees and costs as a prevailing consumer under the Uniform Commercial Code (UCC), the Magnuson-Moss Warranty Act, and the MCPA. Plaintiff sought $21,790.75 in attorney fees, and $2,440.81 in costs.

After oral argument, the district court awarded plaintiff $3,000 in attorney fees by multiplying the award of $7,600 by forty percent.[1] The court also awarded $1,000 in costs.[2] In awarding the attorney

---

[1] We note that the court approximated the product of its equation: $7,600 times .4 actually equals $3,040.

[2] There is no discussion regarding why the court disallowed $1,440.81 in costs to plaintiff.

fees, the court stated, in response to a question by plaintiff's counsel, that it was attempting to take into consideration all of the facts of the case. The court also specifically found that the amount of time spent on the case and the amount of fees charged by plaintiff's trial counsel were reasonable. The court further stated:

> I'm saying that, that both sides acted honorably and that the Court is simply trying to determine reasonable attorney fees based upon the value of the case, what was at issue, and the fact that the mediation was only $100.00 off from the ultimate jury decision.

On appeal, the circuit court affirmed the district court's decision, determining that it did not abuse its discretion in awarding the attorney fees and costs.

## II

The factors to be considered when determining what constitutes reasonable attorney fees are listed in Michigan Rule of Professional Conduct 1.5(a). *In re Condemnation of Private Property for Hwy Purposes,* 209 Mich App 336; 530 NW2d 183 (1995). A court, however, is not limited to these factors. *Id.; Smolen v Dahlmann Apts, Ltd,* 186 Mich App 292, 296; 463 NW2d 261 (1990). A court's attorney fee award will be upheld unless it appears that the court's finding on the "reasonableness" issue was an abuse of discretion. *Id.*

After a careful review of the record, we conclude that the district court abused its discretion in this case. One of the purposes behind both the Magnuson-Moss Warranty Act and the MCPA is to provide, via an award of attorney fees, a means for consumers to protect their rights and obtain judg-

ments where otherwise prohibited by monetary constraints. See *Skelton v General Motors Corp,* 500 F Supp 1181, 1189 (ND Ill, 1980), rev'd on other grounds 660 F2d 311 (CA 7, 1981), and *Smolen, supra* at 297. Thus, because both of these statutes are remedial in nature, their provisions must be liberally construed to effectuate their intended goals. See *Price v Long Realty, Inc,* 199 Mich App 461, 471; 502 NW2d 337 (1993).

Here, we find that the district court failed to consider the goals of the Magnuson-Moss Warranty Act and the MCPA in awarding attorney fees. In rendering its opinion, the district court commented favorably on the professional standing of plaintiff's trial counsel and found the skill, time, and labor involved reasonable. The court further stated that the fee of $125 an hour requested by plaintiff's counsel was reasonable. Thus, the only justifications for limiting plaintiff's fees to approximately fifteen percent of the amount requested are the result obtained and the low value of the case. We conclude that the district court abused its discretion in failing to consider the remedial nature of the acts involved.

In consumer protection as this, the monetary value of the case is typically low. If courts focus only on the dollar value and the result of the case when awarding attorney fees, the remedial purposes of the statutes in question will be thwarted. Simply put, if attorney fee awards in these cases do not provide a reasonable return, it will be economically impossible for attorneys to represent their clients. Thus, practically speaking, the door to the courtroom will be closed to all but those with either potentially substantial damages, or those with sufficient economic resources to afford the litigation expenses involved. Such a situation would indeed be ironic: it is precisely those with

ordinary consumer complaints and those who cannot afford their attorney fees for whom these remedial acts are intended.

By our holding, we do not mean to suggest that a court must, in a consumer protection case, award the full amount of a plaintiff's requested fees. Rather, we hold that after considering all of the usual factors, a court must also consider the special circumstances presented in this type of case.[3]

Because the manner in which the district court decided the attorney fee issue precluded debate on the specifics of plaintiff's attorney fee request, we remand this case to the district court in order for such a hearing to be conducted. MCR 7.216(5).

### III

Plaintiff also claims that he is entitled to an award of his appellate attorney fees under the MCPA. We agree. See *Smolen, supra* at 297-298.

Accordingly, evidence of all of plaintiff's attorney fees, including services incurred on appeal, is to be considered on remand.

Reversed and remanded. We do not retain jurisdiction.

---

[3] Because we conclude that the district court abused its discretion in failing to consider the effects of the Magnuson-Moss Warranty Act and the MCPA, we need not decide whether a similar analysis applies to plaintiff's UCC claim.