# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 12, 2008

136518

KELLY JO BEACH,
　　　　　　Plaintiff-Appellee,

v

KELLY AUTOMOTIVE GROUP,
INC,
　　　　　　Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136518
COA: 274142
Ingham CC: 04-000442-AV
55th DC: 02-2184-GC

_____/

On order of the Court, the application for leave to appeal the April 15, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

YOUNG, J. (*concurring*).

I concur in this Court's decision to deny leave to appeal. Although the attorney fee award in this case is disproportionate to "the amount involved and the results obtained,"[1] I believe that the lower courts properly attributed the extraordinary fees to defendant's conduct, which unnecessarily caused additional costs.

After an 11-day bench trial, the district court determined that defendant violated the Motor Vehicle Service and Repair Act (MVSRA), MCL 257.1301 *et seq.*, and awarded plaintiff a total of $11,716.46 in damages. Pursuant to MCL 257.1336,[2]

---

[1] MRPC 1.5(a)(4).

[2] MCL 257.1336 provides:

> A facility that violates [the Motor Vehicle Service and Repair Act] or who, in a course of dealing as set forth in this act or rules, engages in an unfair or deceptive method, act, or practice, is liable as provided in this act to a person who suffers damage or injury as a result thereof in an amount equal to the damages plus reasonable attorney fees and costs. If the damage or injury to the person occurs as the result of a wilful and flagrant violation of

defendant was liable for plaintiff's "reasonable attorney fees." Plaintiff sought attorney fees and submitted her attorney's billing statement, which indicated that the attorney expended 359.45 hours at a rate of $200 an hour. Plaintiff reduced the product by $2,000 for sanctions that defendant previously paid and requested $69,890 in attorney fees. After a hearing on plaintiff's motion for attorney fees, the district court reduced the requested rate to $150 an hour, but credited plaintiff's attorney for all of the time that she claimed and awarded plaintiff $51,917.45 in attorney fees.

Defendant appealed the verdict and the fee award to the circuit court. The circuit court affirmed the district court and held a hearing on plaintiff's motion for appellate attorney fees. Plaintiff again submitted her attorney's billing statement, which indicated that she expended 327.25 hours on the appeal at a rate of $250, for a total of $81,812.50 in attorney fees. The circuit court reduced the hours claimed to 267.25 hours and plaintiff voluntarily reduced her requested rate to $200 an hour. The circuit court awarded an additional $2,100 for time spent on the motion hearing, and awarded a total of $55,550 in attorney fees. Thus, plaintiff has been awarded $107,467.45 in attorney fees, despite only obtaining $11,716.46 in damages.

In *Smith v Khouri*, I joined the lead opinion holding that consideration of MRPC 1.5(a)(4) ("the amount in question and the results achieved") was "not a relevant consideration in determining a reasonable attorney fee for case-evaluation sanctions."[3] That was unique to the policy underlying case evaluation sanctions:

> [T]he purpose of MCR 2.403(O) is to encourage serious consideration of case-evaluation awards and penalize a party that "should have" accepted the case evaluation. The rejecting party that does not achieve a more favorable result must pay reasonable attorney fees "for services necessitated by the rejection . . . ." MCR 2.403(O)(6). It would be inconsistent with MCR 2.403(O) to reduce the accepting party's reasonable attorney fees "for services necessitated by the rejection" on the basis of the amount in question or the results achieved. If we were to do so, the accepting party could have properly evaluated the case value, yet be forced to incur additional fees, potentially in excess of the case's value. Reducing the accepting party's reasonable attorney fees necessitated by the rejection because they exceed or are disproportionate to the value the accepting party correctly assessed undermines the rule. MCR 2.403(O) penalizes the rejecting party who incorrectly valued the case, not the accepting party who correctly assessed the case's value at a much earlier and efficient time.

this act, the person shall recover double the damages plus reasonable attorney fees and costs.

[3] 481 Mich 519, 534 n 20 (2008).

> Reducing the accepting party's reasonable attorney fees on the basis of more proportionality simply encourages the inefficiency the rule seeks to combat.[4]

There is no similar reason to disregard the "the amount in question and the results achieved" for attorney fees under provisions similar to MCL 257.1336.

Pursuant to § 1336, plaintiff is entitled to "reasonable attorney fees." The Court of Appeals observed that "[t]he monetary value of the damages in [consumer protection] cases is often low and the attorney fee award in these cases must be sufficient to provide a reasonable return on the attorneys' time investment."[5] The purpose is to make it economically possible for attorneys to represent plaintiffs in consumer protection cases, "not . . . to provide a form of economic relief to improve the financial lot of attorneys or to produce windfalls."[6] Adjusting attorney fees based on "the amount in question and the results achieved" is not antithetical to the purpose of § 1336. Unlike MCR 2.403(O), which seeks to increase efficiency and penalize a rejecting party that "should have" accepted a case evaluation, § 1336 simply seeks to ensure a reasonable return on the attorney's time investment, i.e., that the attorney receives a reasonable fee. Thus, all the *Wood*[7] and MRPC 1.5(a) factors, including "the amount in question and the results achieved," are relevant.

Nevertheless, I do not believe that the lower courts erred or that defendant is entitled to relief. In *Khouri*, a majority of this Court agreed that courts are not limited to the *Wood* and MRPC 1.5(a) factors when considering attorney fee awards: "To the extent a trial court considers any factor not enumerated in *Wood* or MRPC 1.5(a), the court should expressly indicate this and justify the relevance and use of the new factor."[8] I believe that defendant's culpability for the extraordinary attorney fees justifies the award,[9] and the lower courts properly "indicate[d] this and justif[ied] the relevance and use of the new factor."

---

[4] *Id.*

[5] *Beach v Kelly Automotive Group, Inc*, unpublished opinion per curiam of the Court of Appeals, issued April 15, 2008 (Docket No. 274142), slip op at 2, citing *Jordan v Transnational Motors, Inc*, 212 Mich App 94, 98-99 (1995).

[6] *Khouri*, *supra* at 528.

[7] *Wood v Detroit Automobile Inter-Ins Exch*, 413 Mich 573 (1982).

[8] *Khouri*, supra at 531 n 15.

[9] See *City of Riverside v Rivera*, 477 US 561, 594 (1986) (Rehnquist, J., dissenting) ("If the litigation is unnecessarily prolonged by the bad-faith conduct of the defendants, . . . then the purpose of Congress in authorizing attorney's fees under [42 USC 1988] should allow a larger award of attorney's fees than would be 'reasonable' where the only relief is the recovery of monetary damages by individual plaintiffs.").

The district court expressly addressed the defendant's culpability for the exceptional fees. That court thought that defendant's approach to the litigation—a "complete denial" and "complete lack of cooperation"—directly caused plaintiff's attorney to expend a disproportionate amount of time on the case: "[I]t was one of those cases where the . . . number of hours spent by Plaintiff's counsel was mainly dictated by the way in which [defendant] dealt with this case . . . ." Because of the defendant's conduct, the district court expressly stated that it was "really not concerned about the hours." Indeed, the time expended by plaintiff's attorney would have been greatly reduced if defendant had not submitted what the circuit court determined to be false affidavits.

On appeal to the circuit court, defendant filed a 13-question, fact-intensive appeal, which generated an 80-page bench opinion. The circuit court stated that defendant's appellate brief was "unfocused" and explained the consequences of such a brief:

> [Q]uite often . . . the brief filed by one party will drive the briefs . . . and there were statements in here [defendant's brief], sort of generalized statements about what went on [at trial] . . . that are difficult to in terms of time . . . to confirm one way or the other. A statement for example, ["]appellee failed to offer any evidence as to the condition of McInerny's["] . . . . Actually it turns out that, that is not true . . . but I understand why counsel makes this statement, but in order to analyze that and then fit it in the broader picture, requires a consideration of a lot of paper.

The circuit court, therefore, properly attributed the amount of plaintiff's appellate attorney fees to defendant because defendant's "unfocused" brief drove the appellate litigation.

Moreover, even without this Court's guidance in *Khouri*,[10] the lower courts used a statistical survey from the State Bar to determine a reasonable rate and then multiplied that rate by the reasonable hours expended.[11] Indeed, using the survey, the district

---

[10] This case was decided by the Court of Appeals on April 15, 2008. *Khouri* was decided on July 2, 2008.

[11] See *Khouri*, *supra* at 530-531, holding:

> [A] trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, i.e., factor 3 under MRPC 1.5(a). In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expended in the case (factor 1 under MRPC 1.5[a] and factor 2 under *Wood*).

court reduced plaintiff's requested rate from $200 an hour to $150 an hour. The circuit court reduced the hours requested from 327.25 hours to 267.25 hours because it determined that plaintiff's counsel could only reasonably expend 267.25 hours on the appeal. Each court then multiplied the rate by the reasonable hours expended to arrive at the fee award.

Accordingly, I do not believe that the lower courts erred. I believe that the circuit court and the district court expressly and properly attributed the extraordinary fees to defendant's conduct, and I concur in this Court's decision to deny leave to appeal.

TAYLOR, C.J., joins the statement of YOUNG, J.

CORRIGAN and MARKMAN, JJ., would reverse the judgment of the Court of Appeals, vacate the circuit court and district court orders awarding attorney fees, and remand the case to the trial court for reconsideration of the plaintiff's request for attorney fees because they believe the district court clearly erred in refusing to consider the amount of the judgment as a factor in determining a reasonable attorney fee. See the concurring statement of Corrigan, J., joined by Markman, J., in *Smith v Khouri*, 481 Mich 519, 538 (2008).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 12, 2008

Clerk