## PITCHER v. PITCHER.

1. DIVORCE—EXTREME CRUELTY—ANSWER AS ADMISSION.
   Where matters alleged in plaintiff's bill for divorce were such
   that defendant must have had personal knowledge of them,
   answer neither admitting nor denying the charges in practical
   effect stands as an admission of the charges (Court Rule
   No. 23, § 2 [1945]).

2. SAME—EXTREME CRUELTY—EVIDENCE.
   In wife's suit for divorce on ground of extreme and repeated
   cruelty, finding by trial judge against defendant on the sub-
   ject of his misconduct *held*, supported, without taking into
   account admissions in the answer.

3. SAME—ADULTERY—EVIDENCE—STATUTES—CORROBORATION.
   In wife's suit for divorce on ground of extreme and repeated
   cruelty wherein husband charged her with adultery, proof *held*,
   insufficient to establish adultery, where although the witness
   *in particeps criminis* testified thereto, the wife was prohibited
   from doing so by statute and no other proof was offered for
   corroboration (3 Comp. Laws 1929, § 12759).

4. SAME—ADULTERY—EVIDENCE—HUSBAND AND WIFE—CONDONATION
   —SUBSEQUENT COHABITATION.
   In wife's suit for divorce, wherein husband charged her with
   adultery, his testimony that several years previously she had
   admitted to him that she had committed such offense, though
   not competent to establish her guilt, must be considered on
   subject of condonation, where, after such alleged admission,
   the parties lived and cohabited together as husband and wife.

Appeal from Berrien; Evans (Fremont), J. Sub-
mitted April 5, 1946. (Docket No. 67, Calendar
No. 42,825.) Decided June 3, 1946.

Bill by Irene L. Pitcher against Alfred L. Pitcher
for a divorce on grounds of extreme and repeated
cruelty. Decree for plaintiff. Defendant appeals.
Affirmed.

*Casper R. Grathwohl,* for plaintiff.

*George S. Keller,* for defendant.

REID, J. This is a divorce suit. Defendant appeals from the decree which awarded plaintiff a divorce with custody of the minor child of the parties, made a property settlement, and provided for alimony for support of the minor child until the age of 17, or until the further order of the court.

The parties were married April 27, 1921, at Hersey, Michigan, and separated July 13, 1941. Three daughters were born of the marriage, being the ages of 20, 18 and 5 years respectively, when the bill of complaint was filed.

Plaintiff claims the parties changed their place of residence 36 times in 18 years, and several times were ordered out of their places of residence because of nonpayment of rent.

Plaintiff charges defendant with associating with other women, being a habitual drunkard, taking another woman to a physician for an abortion, and also charges that because of drunkenness, defendant's person was often in an unsanitary condition, causing him to be repulsive to strangers, to members of the family and to plaintiff herself.

Defendant withdrew his cross bill. Defendant's answer to many of plaintiff's charges is that he neither admits nor denies the charges. The matters being such that he must be considered as having personal knowledge of them, his answer in practical effect stands as an admission. See Court Rule No. 23, § 2 (1945).

The testimony sufficiently supports the finding by the trial judge against the defendant on the subject of defendant's misconduct, without taking into account admissions in the answer. A careful consideration of the testimony convinces us that the finding by the trial judge as to defendant's misconduct is correct.

Defendant claims plaintiff was guilty of misconduct in 1934. The occasion was testified to by a younger sister of defendant. That testimony would indicate that plaintiff indiscreetly permitted improper familiarities by another man. The testimony in that regard fails to establish criminal conduct.

The ground mainly relied on by defendant is a charge of adultery on two occasions in 1934, which charge is supported by the testimony of a younger brother of defendant as a *particeps criminis*. Defendant testified that just before Christmas, 1939, plaintiff admitted to him her guilt of such offense in 1934. Defendant's testimony, though not competent to establish plaintiff's guilt, must be considered on the subject of condonation. The parties lived and cohabited together as husband and wife until July 13, 1941.

The trial judge found:

"I am of the opinion that the charge of adultery on the part of the wife is not established by a preponderance of evidence and I am further of the opinion if it was, it has been forgiven and condoned."

After a careful reading and consideration of the entire record, we are in accord with the finding that adultery was not proven.

To refute the charge of adultery, plaintiff was asked as a witness whether she had committed such act. To this defendant objected and the objection was sustained under 3 Comp. Laws 1929, § 12759 (Stat. Ann. § 25.116) (now amended by Act No. 32, Pub. Acts 1945 [Comp. Laws Supp. 1945, § 12759, Stat. Ann. 1945 Cum. Supp. § 25.116]).

In *Emmons* v. *Emmons* (1845), Walk. Ch. 532, the chancellor said, p. 534:

"The only witness to the offense is a *particeps criminis,* who is, nevertheless, a competent witness, but whose testimony should be corroborated by some collateral evidence. Poynter on Marriage and Divorce, p. 198."

In the instant case, there was no corroborating testimony.

The decree appealed from is affirmed, with costs to plaintiff.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.